UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. BERNARD PARISH SCHOOL BOARD<br>　　　　Plaintiff | CIVIL ACTION<br><br>NO. 06-4584 |
| VERSUS | |
| CONTINENTAL CASUALTY COMPANY<br>　　　　Defendant | |

**ORDER**

　　　　Before the Court is a motion for partial summary judgment by plaintiffs St. Bernard Parish School Board.  Fed. Rec. Doc. 47.  The defendant, Continental Casualty Company, has filed a Response. Fed. Rec. Doc. 55.  The plaintiff filed a reply. Fed. Rec. Doc. 64. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the motion for summary judgment is DENIED AS MOOT.

　　　　Plaintiffs argue that certain language of the insurance contract should be declared null and void as a result of retrospective application of La. Rev. Stat. 22:658.2.  The defendant responds by accepting as legally proper the burden of proof set forth in that statute.   Hence the motion for summary judgment is moot.

　　　　However, regarding the burden of proof, the Court offers the following clarification: The policy in question is an "open peril" policy, providing coverage for "all risks of direct physical loss of or damage to the property," subject to the policy's specific exclusions, limitations and conditions.[1]  Under an open peril policy, if the

---

[1] See *Christiansen v. State Farm Mut. Auto Ins. Co.*, 552 So. 2d 1377, 1378 (La. App. 5th Cir. 1989.); also *Ingersoll-Rand Fin. Corp. v. Employers Ins. Of Wau*sau, 771 F.2d 910, 912 n.2 (5th Cir. 1985).

insureds meet their threshold burden of proving an accidental direct physical loss to the insured property, then the burden shifts to the insurer to prove the applicability of any asserted exclusion by a preponderance of the evidence.[2] Under Louisiana law, the insurance company has the burden to prove that a loss comes within a policy exclusion.[3] "Any exclusion from coverage in an insurance policy must be clear and unmistakeable… The burden is on the insurer to prove the applicability of an exclusionary clause in a policy of insurance."[4] "Since the claim arises out of a contract of insurance between plaintiff and the defendant and involved coverage for which she paid a premium, the degree of proof required to avoid liability under its contractual obligation must be certain and decisive, leaving no area for speculation and assumption. Accordingly, the defendant in the instant matter had the burden to establish by a preponderance of the evidence..."[5]

The defendant concedes that some of the damages were in fact covered by the policy.  The defendant had indicated it has already segregated the damage it believes was covered by the policy and paid that amount ($10,076,726.00).  The defendant also states its intention to present evidence that the balance of any other damages was caused by flood.  The plaintiff, of course, may rebut this evidence with evidence of its own.  The plaintiff has the ultimate burden of proving that its damages were in fact caused by a non-excluded peril.

The apportionment of damage to either wind or water or both, and the issue of whether either party has met its burden of proof are matters for the jury to decide after evidence is presented at trial.

---

[2] *Myevre v. Continental Cas. Co., App.* 4 Cir.1971, 245 So.2d 785, application denied 258 La. 764, 247 So.2d 863.

[3] *Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of Lo*ndon, 616 So.2d 1250 (La.1993); *Crocker v. Roach*, 33,507 (La.App.2d Cir.08/23/00), 766 So.2d 672, writ denied, 774 So.2d 983 (La.2000).

[4] *Landry v. Louisiana Hosp. Service, Inc*., 449 So.2d 584, 586 (La.App. 1 Cir. 1984), citations omitted.

[5] *Ferro v. Gebbia*, 252 So.2d 545, 547 (La.App., 1971), citations omitted.

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment declaring certain portions of the insurance contract language null and void is **DENIED AS MOOT**.

New Orleans, Louisiana this 22nd day of June, 2007.

_____
U.S DISTRICT JUDGE